UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.

PAMELA THOMAS,

    Plaintiff,

vs.

**Jury Trial Demanded**

DNVO INC., a Florida corporation,
and DELIA V. OZOA, an individual,
jointly and severally,

    Defendants.
_____/

# COMPLAINT

The plaintiff, PAMELA THOMAS, by her undersigned attorney, makes the following complaint against the defendants, DNVO INC. and DELIA V. OZOA:

## Jurisdiction and Venue

1.    This action is brought to redress violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. This court has jurisdiction of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.    The claims asserted in this action arose within this district and the alleged statutory violation occurred in this district. Venue of this action is proper pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391.

## Parties

3.    The plaintiff, PAMELA THOMAS ("THOMAS"), is and at all times relevant to this complaint was a resident of the state of Florida and worked for the Defendants within the Middle District of Florida in Pinellas County, Florida.

4. The defendant, DNVO INC. ("DNVO"), is a corporation organized and doing business pursuant to the laws of the state of Florida with a principle place of business within the Middle District of Florida in Pinellas County, Florida.

5. The defendant, DELIA V. OZOA ("OZOA"), is an individual who is the president, director and owner of defendant DNVO. Defendant OZOA resides within the Middle District of Florida in Pinellas County, Florida.

### General Allegations

6. At all times relevant to this complaint, THOMAS was employed by DNVO as a nurse.

7. Throughout the course of her employment by DNVO, THOMAS was a non-exempt employee who was paid an hourly wage.

8. THOMAS typically worked more than 40 hours per workweek, but was only paid her straight-time rate.

9. DNVO, rather than paying THOMAS overtime compensation, would cap her hours at 40 and would increase her regular rate such that THOMAS's total compensation for the 40 hours equaled the straight-time rate for 40 hours. By way of example, Thomas's regular rate was $20/hr. If she worked 48 hours in a workweek, DNVO would increase her regular rate for that week to $24/hr. and reduce her hours to 40. The effect of DNVO's manipulation of THOMAS's hours was that THOMAS would receive only straight time for all hours worked.

10. DNVO reduced THOMAS's hours and raised her regular rate to avoid paying the full overtime rate that it would otherwise have owed to THOMAS.

11. In addition, there were several workweeks where THOMAS worked more than 40 hours per week, but DNVO failed to pay her for any of the hours in excess of 40 hours. By

way of example, THOMAS typically worked a 48-hour workweek; however, there were many workweeks where DNVO only paid THOMAS for 40 hours without increasing the rate as it did in the illegal pay scheme referenced above. Accordingly, THOMAS is owed full time-and-a-half for those hours during those workweeks.

### Claim for Unpaid Overtime in Violation of FLSA

12. THOMAS realleges and incorporates the allegations made in paragraphs 1 to 15 of this complaint.

13. At all times relevant to this complaint, DNVO was an enterprise engaged in an industry affecting commerce and was an employer as defined by 29 U.S.C. § 203(d), which had employees engaged in commerce, including THOMAS, who were subject to the provisions of the FLSA.

14. The defendant, DELIA V. OZOA ("OZOA"), is an individual who is the president, director and owner of defendant DNVO. OZOA hired THOMAS, set her work schedule, determined her rate of pay, determined her job duties, controlled the day to day operations of DNVO in relation to all operations as well as its employees. Thus, OZOA was an employer 29 U.S.C. § 203(d) as she acted directly in the interest of DNVO in relation to THOMAS.

15. "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." Patel v. Wargo, 803 F.2d 632 (11th Cir. 1986); Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir.1983) (citing cases). Accord Donovan v. Grim Hotel Co., 747 F.2d 966, 972 (5th Cir.1984), cert. denied, 471 U.S. 1124, 105 S. Ct. 2654, 86 L. Ed. 2d 272 (1985). Accordingly, Defendants DNVO and OZOA are jointly and severally liable.

16. During several workweeks spanning from on or about June 2018 to on or May, 2020, DNVO and OZOA reduced THOMAS's established regular rate to an artificially low rate to avoid the overtime provisions of the FLSA.

17. During several workweeks spanning from on or about June 2018 to on or May, 2020, DNVO and OZOA failed to pay THOMAS for all hours worked, in violation of the overtime provisions of FLSA.

18. Pursuant to 29 C.F.R. § 778.500(a), DNVO and OZOA's wage payment scheme violated the FLSA because "[p]ayment for overtime on the basis of an artificial 'regular' rate will not result in compliance with the overtime provisions of the Act."

19. Pursuant to 29 C.F.R. § 778.315, DNVO and OZOA's wage payment scheme violated the FLSA because "[I]n determining the number of hours for which overtime compensation is due, all hours worked (see § 778.223) by an employee for an employer in a particular workweek must be counted."

20. DNVO and OZOA willfully, intentionally, and with reckless disregard for the statutory rights of THOMAS violated 29 U.S.C. § 207 by failing to pay THOMAS the full premium overtime wages she earned for all hours worked in excess of 40 during each workweek.

21. Pursuant to 29 U.S.C. § 216(b), THOMAS is entitled to recover her unpaid overtime wages, including interest, and an additional equal amount as liquidated damages, in amounts to be proven at trial, as well as reasonable costs and attorney's fees.

### Demand for Relief

WHEREFORE, Plaintiff PAMELA THOMAS requests judgment against Defendants DNVO INC. and DELIA V. OZOA for:

a. unpaid overtime wages in an amount to be proved at trial;

      b.      liquidated damages equal to the sum of the monetary losses and the interest requested above;

      c.      an award of reasonable attorney's fees and the costs of this action; and

      d.      such further relief as is just.

**Plaintiff demands a trial by jury.**

Dated: November 2, 2020
Plantation, Florida

Respectfully submitted,

*/s/ Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*